IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**PAMELA GRACE HOWELL,**

      **Plaintiff,**

**vs.**                                            **Case No. 4:14cv234-RH/CAS**

**BALINDA LIN, et al.,**

      **Defendants.**

_____/


## ORDER and REPORT AND RECOMMENDATION

      Plaintiff, proceeding pro se, has filed a motion for leave to proceed in forma pauperis, doc. 2, a civil rights complaint, doc. 1, and on the following day, an amended civil rights complaint, doc. 3. Good cause having been shown, the in forma pauperis motion, doc. 2, is **GRANTED**, and the Clerk shall file the complaint without requiring payment of the filing fee.

      Plaintiff's initial civil rights complaint is against Defendant Malind Lin, another person who appears to reside at the homeless shelter in Leon County. Doc. 1 at 3. Plaintiff's complaint alleges that Defendant Lin accuses her of molestation, and said that a man would murder Plaintiff. Plaintiff contends that Defendant Lin has also used her "name falsely" in places such as the Publix grocery store and accused Plaintiff of wanting to beat her. *Id.* Plaintiff contends the accusations are false and amount to

slander and defamation and threats.  *Id.*  As relief, Plaintiff seeks unspecified "justice."
*Id.* at 4.

On the day after Plaintiff submitted the complaint and in forma pauperis motion,
she submitted an amended civil rights complaint.  Doc. 3.  This document alters the first
name of the Defendant from Malind to Balinda.  *Id.* at 1.  The amended complaint
generally re-alleges the facts from the initial complaint and adds additional allegations of
sexual harassment and threats.

Plaintiff's allegations are insufficient to proceed in a federal civil rights action
because Plaintiff has not shown that any named Defendant violated her constitutional
rights or that the Defendant is a person acting under color of state law.  Because the
Defendant is not a state actor, the Defendant is not liable under 42 U.S.C. § 1983.
Section 1983 imposes liability on one who, "acting under color of state law, deprives a
person of 'any rights, privileges, or immunities secured by the Constitution and laws.'"
Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998).
Thus, to obtain relief, Plaintiff must show that she was deprived of a federal right by a
person acting under color of state law.  Patrick v. Floyd Medical Center, 201 F.3d 1313,
1315 (11th Cir. 2000).  Another citizen residing at the homeless shelter with Plaintiff is
not a state official.

Even if Plaintiff had properly named a person as the Defendant who could be
sued under § 1983, Plaintiff has not alleged that she was deprived "of a right secured by
the 'Constitution and laws' of the United States."  Fadjo v. Coon, 633 F.2d 1172, 1174-
1175 (5th Cir. 1981) *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct.
1598, 1604, 26 L. Ed. 2d 142 (1970); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930,

102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). At best, Plaintiff has alleged only state tort claims. This case must be dismissed for failure to state a claim.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for in forma pauperis status, doc. 2, is **GRANTED**.

2. The Clerk shall file the complaint, doc. 1, without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**